UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-10010-CR-MARTINEZ

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ADELIO TORRES COBAS,           REPORT AND RECOMMENDATION

      Defendant.
_____/

On or about June 18, 2010, court-appointed defense counsel Mauricio L. Aldazabal ("Counsel") submitted a voucher application numbered FLS 10 4871 with appended time sheets requesting $12,391.05 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied detailed time sheets and an Ex Parte Letter and Memorandum Requesting Compensation For CJA Counsel Under 18 U.S.C. 3006A(d)(3) in Extended and Complex Case (the "Letter") in support of his voucher application. Counsel represented Defendant Adelio Torres Cobas ("Defendant") for one year from his appointment on June 4, 2009 until June 9, 2010.

Counsel seeks $12,391.05 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 269]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger*, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs*, 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

-2-

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. In this case, the government alleged that Defendant "assisted a professional alien smuggler by being on a refueling boat in exchange for bringing the defendant's mother from Cuba." (Letter at 1). The government charged Defendant, along with five co-defendants, with conspiracy to encourage and induce aliens to illegally enter the United States and with twenty-five (25) counts of knowingly encouraging aliens to illegally enter the United States. **[DE # 29]**. Defendant was also charged with illegally bringing twenty-five (25) aliens into the United States at a place other than a designated point of entry. **[DE # 29]**. Defendant faced a sentence of ten (10) years imprisonment for Count I, five (5) years imprisonment for Counts II - XXVI and fifteen (15) years imprisonment for Counts XXVII - L.

Second, the discovery in this matter was voluminous. Counsel explained that there were "numerous cell phone and satellite phone records which required analysis to ascertain possible coconspirator connections." (Letter at 2). The sheer volume of documents that Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, the case was also made more complex by the fact that "Defendant was just 19 years of age" at the time that he was arrested.  (Letter at 1).  As a result, Counsel was forced to expend more time and effort on this case because the "Defendant was a very young man with no criminal experience". (Letter at 2).  Defendant would call "counsel almost weekly with questions as to the case and what the law meant in his particular case." (Letter at 2).  Defendant's young age and lack of sophistication made it necessary for Counsel to spend additional time explaining everything to Defendant.

Fourth, it was Defendant's intention to proceed to trial until the very last minute. Counsel explained that "[t]here was a trial posture maintained by defendant until the morning of trial in Key West when the [D]efendant approached [C]ounsel and informed [C]ounsel that he wanted to plead guilty because everybody else was pleading guilty.  As such all the trial preparation had already been done." (Letter at 1 - 2).

Defendant indeed plead guilty to Counts I, XXVII, XXVIII and XXIX of the Superseding Indictment. **[See DE # 181]**.  Defendant was sentenced to sixty (60) months imprisonment. **[See DE # 223]**.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 3.7 in-court hours totaling $452.00.

The CJA administrator also reviewed the 94.3 out-of-court hours sought by Counsel. Counsel sought compensation for 30.3 hours for "Interviews and conferences" and 26.7 hours for "Obtaining and reviewing records." Counsel also sought compensation for 2.9 hours for "Legal research and brief writing" and 22.0 hours of "Travel time." Counsel listed 12.4 hours for "Investigative and Other work." The CJA administrator made no changes to the out-of-court hours listed in the voucher.

Counsel also sought $664.55 in "Travel Expenses." The CJA administrator reduced this amount to $645.27. After making this adjustment, the CJA administrator concluded that the total amount sought for out-of-court hours was $11,274.50 and the overall total amount documented by Counsel in the voucher decreased slightly from $12,391.05 to $12,371.77.

### In-Court Hours[1]

Counsel sought 3.7 in-court hours totaling $452.00. The CJA administrator made no changes to these numbers. I approve this amount as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought 94.3 out-of-court hours. The CJA administrator reviewed the voucher and made no changes to the number of hours claimed by Counsel.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. Following submission of his voucher, I met with Counsel on October 5, 2010 and asked him to explain these entries. Counsel clarified many of the questionable entries. A few of the troublesome entries remain, however, and I recommend that these entries be eliminated:

| Date | Description | Hours |
|---|---|---|
| 3/11/10 | Conf w/ co-counsel | 0.4 hours |
| 3/11/10 | Conf w/ AUSA | 0.2 hours |
| 3/12/10 | Conf w/ co-counsel | 0.3 hours |
| 3/14/10 | Conf w/ AUSA | 0.3 hours |
| 4/19/10 | Conf w/ probation ofc | 0.2 hours |
| 4/28/10 | Conf w/ U.S.P.O. | 0.3 hours |

I recommend that the above entries be eliminated because these entries are not sufficiently detailed to comport with the requirements of the "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court. The Supplemental Instructions make clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to the conversations, Counsel failed to explain the reason for the duration of these conferences. Accordingly, I recommend that Counsel's out-of-court hours be reduced by 1.7 hours for a total reduction of $212.50.

Counsel also included three entries for time spent counseling Defendant's family:

| | | |
|---|---|---|
| 6/5/09 | Conf. w/ family re: bond | 0.6 hours |
| 6/5/09 | Prep. Bond Docs w/ family | 0.9 hours |
| 6/4/10 | Conf w/ family re: sent & apl | 0.5 hours |

With respect to these entries, Counsel explained during our meeting that the first two entries were for time that Counsel spent time assisting Defendant's family with completing bond paperwork and securing a bond. He further explained that the third entry listed above was for time spent explaining Defendant's sentence to Defendant's wife and mother. While the undersigned appreciates Counsel's willingness to assist Defendant's family as the case progressed, the Supplemental Instructions expressly provide that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." Time spent "holding the hand" of Defendant's family is not compensable under the CJA as it is time that did not contribute to Defendant's defense. Accordingly, Counsel should not be compensated for the three entries listed above, mandating a reduction of $183.50.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in the deductions listed above (which total $396.00), I recommend that Counsel should be paid $10,878.50 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted).  As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale,* 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $10,878.50 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

### Expenses

Counsel sought $664.55 in "Travel Expenses." The CJA administrator reduced this amount to $645.27.  I hereby approve $645.27 in Travel Expenses.

### CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts.  Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable,

however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the Letter, the docket and filings in this case, I RECOMMEND that Counsel be paid $11,975.77 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Signed this 21 day of October, 2010.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Mauricio Aldazabal, Esq.
    Lucy Lara, CJA administrator